IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CR226SNLJ/NCC |
| | ) |
| DUSTIN LOCKWOOD | ) |
| | ) |
| Defendant. | ) |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

COMES NOW defendant Dustin Lockwood, by and through counsel, Assistant Federal Public Defender Melissa K. Goymerac, and prays the Court suppress the evidence and statements in this case as fruits of an illegal search. In support of this motion, counsel states as follows:

1. On February 20, 2018, Dustin Lockwood's mother asked him to go pick up his sister, Brittany Mounds, from Fox High School in Arnold, Missouri. Mr. Lockwood arrived at the school and parked as usual in the pickup line. While he was waiting inside his black Toyota Corolla, two maintenance workers for the school passed by and saw what they believed to be a rifle case on the rear seat of the car. The workers alerted Arnold police officers who were on or near campus at the time.

2. Officer B. Wilson of the Arnold Police Department approached the car and noticed a white male in the driver's seat wearing headphones, parked between busses in the pickup line, with what appeared to be a gray and black rifle case on the rear seat of the car. Officer Wineinger approached the driver's side and made contact with Mr. Lockwood. The officers asked him to step out of the vehicle and noticed a red handled pistol leaning between the door and Mr. Lockwood's leg when

    he opened the door to get out. They frisked Mr. Lockwood for weapons and secured the two firearms from the car. At no point do the officers recite in the report that they attempted to ascertain whether the firearms that Mr. Lockwood had in the car were possessed unlawfully. Nothing about the means in which he was carrying the guns was in violation of Missouri law.

3. While securing the firearms, Officer Wilson also located a cylindrical item made a plastic with a hole through the inside, later determined to be a home-made suppressor. It is not clear from the police report exactly where this was located, and to date no photos of the alleged search have been produced. (The police report notes on pg. 4 that there were 3 disks impounded in the Arnold Police's property which were: "DVD copy of incident, DVD of pictures taken, and CD of pictures taken from suspect's vehicle." Those items have not yet been provided to defense counsel but have been requested and will be subpoenaed.)

4. The officers at some point verified that Mr. Lockwood was in fact at the school to pick up his sister. They continued the nonconsensual, warrantless search of the vehicle, locating some empty shell casings and some live rounds of ammo in passenger compartment of the car. Upon checking the vehicle's trunk, the officers located some items in a camping bag consistent with fire making and with the making of home-made fireworks. The officers called ATF agents to check out the items found during their illegal search.

5. Lockwood is charged with two counts of possession of a firearm in a place that he knew or had reasonable cause to believe was a school zone, a violation of 18 U.S.C. § 922(q)(2)(A); and possession of a silencer, a violation of 26 U.S.C. § 5822 and 5861(c). He sustained no Missouri state charges related to the incident.

6. The firearms that Mr. Lockwood possessed were purchased legally at retail establishments within the state of Missouri. At both locations when the guns were purchased, Mr. Lockwood filled out the necessary paperwork and was subject to the background checks required by law.

7. It was legal under Missouri law for Mr. Lockwood to possess the guns in the manner in which he did at Fox High School on February 20, 2018. Mo. Rev. Stat. § 571.107.1(10) provides in relevant part: "Possession of a firearm in a vehicle on the premises of any higher education institution or elementary or secondary school facility shall not be a criminal offense so long as the firearm is not removed from the vehicle or brandished while the vehicle is on the premises."

8. In order for the presence of an item to give rise to probable cause for search or seizure, the incriminating nature of the item must be immediately apparent. *US v. Lewis*, 864 F.3d 937, 944 (8th Cir. 2017). As in that case, when the officers here saw the rifle case on the back seat of the car, there was nothing to give the officers probable cause to immediately associate it with criminal activity.

9. Officers may only seize an object without a warrant under the plain view exception if they are lawfully in a position to view the object, **the incriminating character of the object is *immediately apparent***, and they have a lawful right of access to the object. Here, the incriminating nature of the item was not immediately apparent, rendering the warrantless search of the vehicle illegal. Anything found as a result of this search, and any statements given as a result of the illegal arrest associated with this search, should be suppressed as evidence.

WHEREFORE, based on the foregoing, Mr. Lockwood respectfully requests that the firearms and alleged suppressor found during the illegal search of his vehicle be suppressed, along with any statements made during his illegal detention in this case.

Respectfully submitted,

/s/ Melissa K. Goymerac
MELISSA K. GOYMERAC
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Melissa_Goymerac@fd.org
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Rodney Holmes, Assistant United States Attorney.

/s/ Melissa K. Goymerac
MELISSA K. GOYMERAC
Assistant Federal Public Defender